UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                        No. 98-4760

GAIL MARIE VIANDS,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
Jackson L. Kiser, Senior District Judge.
(CR-97-80-H)

Submitted: April 15, 1999

Decided: April 26, 1999

Before NIEMEYER and HAMILTON, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Timothy Stephen Coyne, FOWLER, GRIFFIN, COYNE & COYNE,
Winchester, Virginia, for Appellant. Robert P. Crouch, Jr., United
States Attorney, Nancy S. Healey, Assistant United States Attorney,
Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Gail Marie Viands pled guilty to conspiracy to distribute and to possess with the intent to distribute methamphetamine in violation of 21 U.S.C. § 846 (1994). On appeal, Viands claims that the district court plainly erred by failing to decrease her offense level under the "safety valve" provision of U.S. Sentencing Guidelines Manual §§ 2D1.1(b)(6), 5C1.2 (1997). For the following reasons, we affirm Viands' sentence.

A defendant must meet all five criteria set forth in § 5C1.2 in order to be eligible for a two-point reduction under § 2D1.1(b)(6). It is undisputed that Viands met the first four requirements. The parties disagree, however, as to whether Viands satisfied the fifth factor, which requires that "the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." USSG § 5C1.2. Since Viands did not raise this claim in the district court, her sentence can be reversed only upon a showing of "plain error." See Fed. R. Crim. P. 52(b). She has failed to make such a showing here.

A reviewing court lacks the authority to reverse a sentence under the plain error rule unless the error is "clear" or "obvious." See United States v. Olano, 507 U.S. 725, 734 (1993). Where the error a defendant asserts on appeal depends upon a factual finding the defendant neglected to ask the district court to make, the error cannot be "clear" or "obvious" unless the desired factual finding is the only one rationally supported by the record below. See United States v. Olivier-Diaz, 13 F.3d 1, 5 (1st Cir. 1993). Here, Viands' safety valve argument depends upon her claim that she truthfully provided to the Government all information she possessed about the relevant offenses. However, the record on this subject is equivocal at best. The Presen-

2

tence Report states that Viand attempted to minimize her involvement in the conspiracy and asserted that she only pled guilty to help her son and receive a lighter sentence. Although the parties appear to agree that Viands was debriefed by Government agents, there is no evidence as to what information she supplied during that conversation. On this record, we cannot conclude that the district court committed obvious error in failing to decrease Viands' offense level under the safety valve provision.

Thus, we affirm Viands' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3